IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) CRIMINAL NO. 15-0204-CG-B |
| | ) |
| CESAR POLANCO FIGUEROA | ) <br> ) |

## ORDER

This matter is before the Court on Defendant Cesar Polanco Figueroa's ("Figueroa") "Motion to Reduce Sentence Pursuant to § 3582(c)(2) and Amended Amendments and the 'First Step Act of 2018'" (Doc. 171) and the United States' response in opposition (Doc. 176). Upon consideration and for the reasons set forth herein below, Figueroa's motion is due to be denied.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2009, Figueroa was indicted on one count of conspiracy to unlawfully distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846 (Count One), four counts of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts Two, Four, Five, and Six), and one count of possession with the intent to distribute 17.9 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Three). (Doc. 1). On December 16, 2015, Figueroa pled guilty to Count One of the Indictment, pursuant to a written plea agreement with the Government. (Docs. 65 and 66).

1

According to the Presentence Investigation Report ("PSR"), Figueroa was involved with 719.2 grams of "Ice", 43.3 grams of cocaine, 18.9 grams of heroin, 28.3 grams of methamphetamine, and 15.3 grams of marijuana and therefore, Figueroa's base offense level under U.S.S.G. § 2D1.1 was 34. (Doc. 96). Figueroa was assessed a two-level enhancement for being an organizer, leader, manager, or supervisor pursuant to U.S.S.G. §3B1.1(c), a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility, and a one level reduction pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the government of his intent to plead guilty. (*Id*.) As a result, Figueroa's total offense level was 33. (*Id*.) His criminal history category was I. (*Id*.) An offense level of 33 with a criminal history category of I produced a guidelines range of 135 to 168 months' imprisonment. (*Id*.)

On March 23, 2016, Figueroa was sentenced to 135 months' imprisonment (Doc. 103). Counts Two through Six were dismissed on motion of the United States. (*Id*.) Figueroa did not appeal his conviction or sentence. (See Doc. 102).

Prior to the instant motion, Figueroa filed a motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 160), which was denied. (Doc. 179). Figueroa has now filed the instant motion seeking a reduction pursuant to 18 U.S.C. 3582(c)(2) and the First Step Act ("FSA"). (Doc. 171). The United States has responded in opposition (Doc. 175).

## DISCUSSION

Figueroa asserts he is eligible for a reduction of his sentence "in light of the 'First Step Act' Section 402 (Boardening [sic] of Existing Safety Valve)" and under

2

"amendment 484 which allows a motion pursuant to 18 U.S.C. § 3582(c)(2)" both of which apply retroactively. (Doc. 171 at 2; PageID.571).  Figueroa also references, without argument, Section 401, 404, 601, and 603 of the FSA and Amendment 750. (Doc. 171 at 3; PageID.572). The United States contends that Figueroa is not entitled to any relief.  (Doc. 176).[1]  Figueroa, while citing the FSA and multiple amendments, fails to argue how the FSA or any of the amendments apply to his case or warrant a reduction of his sentence.  Nevertheless, the Court will address each of the referenced grounds for relief, in turn.

### A.  The First Step Act

Figueroa asserts he is entitled to a reduction of his sentence under Sections 401, 402, 404, 601, and 603 of the FSA.  For the reasons set forth herein below, the Court finds that Figueroa's contentions are without merit.

"First Step Act § 401 amended 21 U.S.C. § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the types of offenses that trigger those penalties." *United States v. Pubien*, 805 Fed.Appx. 727, 730 (11th Cir. 2020).  Section 401(a) also changed the mandatory minimum sentence for defendants who have had two or more prior convictions for a felony drug conviction, from life imprisonment to 25 years.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 401, 132 Stat. 5194.  *Id.*  However, § 401 is not retroactively applicable.  Rather, the FSA, states that the provisions of § 401 "shall apply to any

---

[1] The Government focused its response only on Sections 402 and 404 of the FSA and 18 U.S.C. 3582(c)(2) and did not address Sections 401, 601, and 603 of the FSA or Amendments 484 and 750. Nevertheless, the Court will address all the avenues raised by Figueroa's *pro se* motion.

3

offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c). Because Figueroa was sentenced in 2016, prior to the enactment of the FSA and because § 401 of the FSA is not retroactively applicable, § 401 offers no relief to Figueroa.

Section 402 of the FSA amended 18 U.S.C. § 3553(f)'s safety-valve provision. First Step Act of 2018, Pub. L. No. 115-391, § 402(a), 132 Stat. 5194. More specifically, it amended the requirements to enhance sentences for repeat offenders with prior convictions for felony drug offenses. (*Id.*) Figueroa does not explain how the amended safety valve provision entitles him to a reduction in sentence. Nevertheless, the FSA provides that the amendment "shall apply only to a conviction entered on or after the date of the enactment of the Act." *Id.* § 402(b). As a result, this provision of the FSA Act does not apply retroactively. Because Figueroa's conviction, entered in 2016, predated the enactment of the FSA, section 402 does not apply to him. *See* First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194. *See also United States v. Sanchez*, 795 Fed.Appx. 704, 707 (11th Cir. 2019) ("Sanchez's convictions—which were entered on November 30, 2018—predated the enactment of the First Step Act, and he therefore is ineligible for relief under the pertinent amendment.").

Section 404 of the FSA permits district courts to reduce the sentence of a defendant "as if sections 2 and 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404, 132

Stat. 5194, 5221.  The Fair Sentencing Act changed the quantity of crack cocaine necessary to apply certain statutory mandatory minimum and maximum sentences. Section 2 of the Act amended 21 U.S.C. § 841(b)(1)(A) & (B) and replaced the 5 grams or more threshold with 28 grams or more, and the 50 grams or more threshold with 280 grams or more.  While Section 404 is retroactive, Figueroa makes no argument and presents no support that he is eligible for a reduction under the same. Moreover, the record reflects that Figueroa was convicted of conspiracy to distribute methamphetamine.  (See Doc. 1).  As a result, § 404 of the FSA, which altered the sentencing scheme for crack cocaine offenses offers Figueroa no relief.

Section 601 of the FSA is not related to a reduction in sentence, the relief sought by Figueroa.  Rather, § 601 entitled "Placement of Prisoners Close to Families" amended Section 3621(b) of title 18, United States Code to include considerations for designating the place of the prisoner's imprisonment and to the extent practicable, place the prisoner in a facility within 500 miles of the prisoner's primary residence.   Figueroa asserts no facts and makes no argument as to how § 601 applies to him or how its application would result in a reduced sentenced.

Section 603(b) of the FSA, titled "Increasing the Use and Transparency of Compassionate Release," amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582

5

(c)(1)(A). Again, Figueroa has presented no argument that he should be compassionately released. Moreover, Figueroa has failed to provide this Court with any evidence that he has exhausted his administrative remedies, as he must. As a result, Figueroa is not entitled to relief pursuant to § 603 of the FSA.[2]

### B.    18 U.S.C. § 3582(c)(2)

Figueroa also asserts that Amendments 484 and 750[3] have the effect of reducing his sentence. (Doc. 171 at 3; PageID.572). He argues that his status as a deportable alien is a mitigating factor to be considered under § 3553(a). (Doc. 171 at 4; PageID.573). Again, the Court does not find Figueroa's position to have merit. In relevant part, Section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). In considering a § 3582(c)(2) motion, a district court must recalculate the applicable guideline range by substituting only the amended

---

[2] To the extent that Figueroa is seeking to be compassionately released, this Court's denial of his motion based on failure to exhaust his administrative remedies is without prejudice.
[3] Notably, after filing the instant motion. Figueroa additionally filed a motion to reduce his sentence pursuant to Amendment 782 (Doc. 178), which was also denied by this Court because "Defendant received the benefit of that amendment when he was sentenced in 2016" (Endorsed Order dated June 6, 2019).

guideline for the one originally used. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); see U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998).  "A sentence reduction is not consistent with the policy of the Sentencing Commission—and therefore is not authorized under § 3582(c)(2)—if the retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" *U.S. v. Hardiman*, 646 Fed.Appx. 852, 854 (11th Cir. 2016) citing to U.S.S.G. § 1B.10(a)(2)(B); 18 U.S.C. § 3582(c)(2) (providing that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission.").

      Relevant to the subject motion are Amendments 484 and 750. Amendment 484 to the sentencing guidelines, which became effective on November 1, 1993, provides, in pertinent part, that, for sentencing purposes, the definition of "mixture or substance" as used in 21 U.S.C. § 841 and U.S.S.G. § 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. App. C, Amend. 484.  Figueroa fails to explain how Amendment 484 offers him relief.  Nevertheless, even assuming (without determining) that the amendment was relevant to Figueroa's sentencing, it still fails to substantiate a reduction of his sentence because the amendment was in place prior to Figueroa's 2016 sentencing.  As such, it is not a "subsequent" amendment within the meaning of § 3582(c)(2). *See U.S. v. Turner*, 263 Fed.Appx. 847, 848 (11th Cir. 2008) ("Because Turner was sentenced in 1995, Amendment 484,

7

which became effective in November 1993, is not a "subsequent" amendment within the meaning of § 3582(c)(2)."). Likewise, Amendment 750 has no applicability to Figueroa. Amendment 750 made permanent an amendment revising the crack cocaine quantity tables listed in § 2D1.1(c). See U.S.S.G. App. C, Amend. 750. It was made retroactively applicable by Amendment 759, became effective and retroactive on November 1, 2011. U.S.S.G.App. C, Amends. 750, 759. Again, Figueroa fails to explain how Amendment 750 offers him relief. However, regardless of whether the amendment was relevant to Figueroa's sentencing, and for the reasons explained above, it is not a "subsequent" amendment within the meaning of § 3582(c)(2). Finally, because neither Amendment 484 nor 750 render Figueroa eligible for a reduction of sentence, this Court need not consider the factors set forth in § 3553(a) to determine whether to exercise its discretion in granting the same.

## CONCLUSION

After careful consideration of Figueroa's motion and for the reasons set forth herein above, the Court finds that Figueroa is not eligible for a reduction in sentence. As a result, Figueroa's motion is **DENIED**.

**DONE** and **ORDERED** this 6th day of July, 2020.

                    /s/ Callie V. S. Granade
                    SENIOR UNITED STATES DISTRICT JUDGE